## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **PATTERSON ENTERPRISE GROUP, LLC, KENISHA PATTERSON, DUKE TRUCKING, LLC, MAMUN NASIR, BRYANT LIVSEY, LIVSEY TRANSPORTATION, LLC, NORWOOD DELIVERIES, LLC, and ANTHONY NORWOOD,** | ) ) ) ) ) ) ) ) | **Civil Action No.** |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **SPIRIT LOGISTICS NETWORK, INC.,** | ) ) | |
| **Defendant.** | ) | |

## <u>VERIFIED COMPLAINT</u>

Patterson Enterprise Group, LLC (hereafter, "PEG"), Kenisha Patterson; Duke Trucking, LLC (hereafter, "Duke"); Mamun Nasir, Bryant Livsey, Livsey Transportation, LLC (hereafter, "Livsey"), Norwood Deliveries, LLC (hereafter, "Deliveries"), and Anthony Norwood (collectively, the "Plaintiffs") hereby file this verified complaint against Spirit Logistics Network, Inc. (hereafter, "Spirit"), as follows.

## NATURE OF THE ACTION

1.    This diversity suit is an action for breach of contract, unjust enrichment, and fraud, by a trucking conglomerate against a logistics network for which the plaintiff conglomerate performs and has performed services.

## PARTIES

2.    Patterson Enterprise Group, LLC is a limited liability company organized under the laws of the State of Georgia, which may be served by serving the undersigned, and submits itself to the jurisdiction of this Court.  PEG is a single member limited liability company, owned entirely by member Kenisha Patterson, who is a resident of the State of Georgia.

3.    Kenisha Patterson is an individual resident of the State of Georgia, who may be served by serving the undersigned, and submits herself to the jurisdiction of this Court.

4.    Duke Trucking, LLC is a limited liability company organized under the laws of the State of Georgia, which may be served by serving the undersigned, and submits itself to the jurisdiction of this Court.  Duke is a multi-member limited liability company, owned by fifty-percent (50.00%) member Mamun Nasir, who is a resident of the State of Georgia, and by fifty-percent (50.00%) member Taheerah Nasir-Saye, who is a resident of the State of Georgia.

2

5.     Mamun Nasir is an individual resident of the State of Georgia, who may be served by serving the undersigned, and submits himself to the jurisdiction of this Court.

6.     Bryant Livsey is an individual resident of the State of Georgia, who may be served by serving the undersigned, and submits himself to the jurisdiction of this Court.

7.     Livsey Transportation, LLC is a limited liability company organized under the laws of the State of Georgia, which may be served by serving the undersigned, and submits itself to the jurisdiction of this Court.  Livsey is a single member limited liability company, owned entirely by member Bryant Livsey, who is a resident of the State of Georgia.

8.     Anthony Norwood is an individual resident of the State of Georgia, who may be served by serving the undersigned, and submits himself to the jurisdiction of this Court.

9.     Norwood Deliveries, LLC is a limited liability company organized under the laws of the State of Georgia, which may be served by serving the undersigned, and submits itself to the jurisdiction of this Court.  Deliveries is a single member limited liability company, owned entirely by member Anthony Norwood, who is a resident of the State of Georgia.

10.     Spirit Logistics Network, Inc. is a foreign for profit corporation incorporated under the laws of the State of New Jersey and may be served by serving its registered agent Americo Seabra at 100 Morris Avenue, Suite 201, Springfield, New Jersey 07081.

<strong><u>JURISDICTION AND VENUE</u></strong>

11.     Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different states from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

12.     Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

<strong><u>FACTUAL BACKGROUND</u></strong>

**A.     General Background.**

13.     Plaintiffs, PEG, Ms. Patterson, Duke, Mr. Nasir, Mr. Livsey, Livsey Deliveries and Mr. Norwood make up an affiliate venture of shared interests and claims (together, the "Venture").

14.     Each member of this Venture operates a trucking business.

15.     Each member of this Venture has contracted with Spirit to run trucking loads for Spirit, as an independent contractor of Spirit.

4

16.     Each member of this Venture has performed these services for Spirit for agreed pay by Spirit.

17.     As will be discussed below, Spirit has failed to pay each member of this Venture substantial amounts for services performed on behalf of Spirit.

18.     Moreover, Spirit has assessed fees against each member of this Venture for a variety of false issues, including, but not limited to the use of trucks which never occurred.

19.     Spirit is indebted to the Venture for substantial sums as a result thereof.

**B.     Nature of the Services Provided.**

20.     Spirit defines itself as a licensed "property broker" and "freight forwarder" under the terms of the Federal Motor Carrier Safety Administration (hereafter, the "FMCSA").

21.     In Spirit's own words, it "arranges for freight transportation for [its] customers and customers' purchasers."

22.     Spirit does not perform "the transportation and/or delivery of property to" customers and/or customers' purchasers.

23.     That is where the Venture comes in.

24.     Each member of the Venture operates a trucking company that transports and delivers the property of Spirit's customers and/or customers' purchasers on behalf of Spirit.

25.     Spirit defines each member of the Venture as a "Carrier" in this regard.

26.     These Carriers are not employees of Spirit, but rather operate as independent contractors for Spirit, to transport and deliver the property of Spirit's customers and/or customers' purchasers (hereafter, the "Goods") on behalf of Spirit.

**C.     Specific Damages to PEG/Patterson.**

27.     On December 12, 2022, PEG executed an Independent Delivery Service Provider Agreement (hereafter, the "PEG Agreement") with Spirit to perform services as a Carrier of Goods on behalf of Spirit as discussed above.  A true and correct copy of the PEG Agreement is attached hereto as Exhibit A.

28.     Spirit never provided a signed copy of the PEG Agreement to PEG, Ms. Patterson, or any other member of the Venture.

29.     Spirit affirmatively advised Ms. Patterson that it had executed the PEG Agreement, but was delayed in sending it.

30.     Since December 12, 2022, Spirit has repeatedly shorted PEG and Ms. Patterson the amounts to which PEG and Ms. Patterson were entitled for services as Carriers for Spirit.

31.     This was accomplished in three manners:  (a) by reducing the amount of payment for each load of Goods transported, (b) by outright ignoring the transport of some loads of Goods, and (c) by assigning a deduction against payments for the rental of trucks (or damage to rented trucks) that never occurred.

32.     In May and June of 2023, Ms. Patterson had several conversations with Elijah Hall, who is a manager at Spirit.

33.     During these conversations in May and June of 2023, Mr. Hall advised Ms. Patterson that Spirit was going to fully pay PEG and Ms. Patterson for all previously transported loads, and that Spirit was going to correct the inappropriate deductions.

34.     Specifically, Mr. Hall promised Ms. Patterson that Spirit would correct a substantial deduction for a lawnmower that had been damaged prior to PEG transporting the lawnmower on behalf of Lowes.

35.     During a telephone call on June 6, 2023, Mr. Hall expressly promised that Spirit would pay PEG and Ms. Patterson all past due amounts if PEG continued transporting loads for Spirit.

36.     During a telephone call on June 14, 2023, Mr. Hall expressly promised that Spirit would pay PEG and Ms. Patterson all past due amounts if PEG continued transporting loads for Spirit.

37.     Mr. Hall was not the only one making promises.

38.     On April 26 and May 19, 2023, Sandra Jarrett, a manager for Spirit, also promised Ms. Patterson that Spirit would pay all past due amounts if PEG continued transporting loads for Spirit.

39.     On April 20, April 26, May 5, May 9, May 19, and June 28, 2023, Jarod Eargle, a manager for Spirit, also promised Ms. Patterson that Spirit would pay all past due amounts if PEG continued transporting loads for Spirit.

40.     This was due to the fact that Ms. Patterson had provided photographs of the previously damaged lawn mower.

41.     Mr. Hall, Ms. Jarrett and Mr. Eargle made these promises on behalf of Spirit to induce PEG and Ms. Patterson to continue serving Spirit as a Carrier.

42.     Mr. Hall specifically advised Ms. Patterson, in writing, that he "needed" her.

43.     Nonetheless, and despite its promises, Spirit has since failed to (and refused to) fully pay PEG and Ms. Patterson.

44.   As of the date of this filing, Spirit owes PEG and Ms. Patterson roughly $85,000.00 in economic damages for missing payments and false deductions.

**D.   Specific Damages to Duke/Nasir.**

45.   On December 14, 2022, Duke executed an Independent Delivery Service Provider Agreement (hereafter, the "Duke Agreement") with Spirit to perform services as a Carrier of Goods on behalf of Spirit as discussed above.  A true and correct copy of the Duke Agreement is attached hereto as Exhibit B.

46.   Spirit never provided a signed copy of the Duke Agreement to Duke, Mr. Nasir, or any other member of the Venture.

47.   Spirit affirmatively advised Mr. Nasir that it had executed the Duke Agreement, but was delayed in sending it.

48.   Since December 14, 2022, Spirit has repeatedly shorted Duke and Mr. Nasir the amounts to which Duke and Mr. Nasir were entitled for services as Carriers for Spirit.

49.   This was accomplished in three manners:  (a) by reducing the amount of payment for each load of Goods transported, (b) by outright ignoring the transport of some loads of Goods, and (c) by assigning a deduction against payments for the rental of trucks (or damage to rented trucks) that never occurred.

50.   In May of 2023, Mr. Nasir had several conversations with Mr. Hall.

51.    During these conversations in May of 2023, Mr. Hall advised Mr. Nasir that Spirit was going to fully pay Duke and Mr. Nasir for all previously transported loads, and that Spirit was going to correct the inappropriate deductions.

52.    Mr. Hall further promised Mr. Nasir that Spirit would remove numerous inappropriate charges that appeared on his settlement statements in the form of deductions for allegedly renting and damaging vehicles.

53.    Mr. Hall conceded that each of these deductions was invalid.

54.    On June 2, June 9, June 16, June 23 and June 30, 2023, Mr. Hall promised Mr. Nasir that Spirit would pay all past due amounts if Duke continued transporting loads for Spirit.

55.    Mr. Hall made these promises on behalf of Spirit to induce Duke and Mr. Nasir to continue serving Spirit as a Carrier.

56.    Nonetheless, and despite its promises, Spirit has since failed to (and refused to) fully pay Duke and Mr. Nasir.

57.    Instead, Spirit has improperly withheld roughly $1,000.00 from the payments owed to Duke each week.

58.    As of the date of this filing, Spirit owes Duke and Mr. Nasir roughly $160,000.00 in economic damages for missing payments and false deductions.

**E.     Specific Damages to Livsey/Mr. Livsey.**

59.     On July 11, 2022, Mr. Livsey executed an Independent Delivery Service Provider Agreement (hereafter, the "Livsey Agreement") with Spirit to perform services as a Carrier of Goods on behalf of Spirit as discussed above.  A true and correct copy of the Livsey Agreement is attached hereto as Exhibit C.

60.     Spirit never provided a signed copy of the Livsey Agreement to Livsey, Mr. Livsey, or any other member of the Venture.

61.     Spirit affirmatively advised Mr. Livsey that it had executed the Livsey Agreement, but was delayed in sending it.

62.     Since July 11, 2022, Spirit has repeatedly shorted Livsey and Mr. Livsey the amounts to which Livsey and Mr. Livsey were entitled for services as Carriers for Spirit.

63.     This was accomplished in three manners:  (a) by reducing the amount of payment for each load of Goods transported, (b) by outright ignoring the transport of some loads of Goods, and (c) by assigning a deduction against payments for the rental of trucks (or damage to rented trucks) that never occurred.

64.     In November of 2022, Mr. Livsey had several conversations with Mr. Hall.

65.     These conversations continued in December of 2022, and through January - June of 2023.

66.     During each of these conversations throughout November 2022 through June of 2023, Mr. Hall advised Mr. Livsey that Spirit was going to fully pay Livsey and Mr. Livsey for all previously transported loads, and that Spirit was going to correct the inappropriate deductions.

67.     Mr. Hall further promised Mr. Livsey that Spirit would remove numerous inappropriate charges that appeared on his settlement statements in the form of deductions for allegedly renting and damaging vehicles.

68.     Mr. Hall conceded that each of these deductions was invalid.

69.     On August 12, November 14, November 23, November 30, December 1, and December 11, 2022, and January 4, January 12, January 13, January 18, January 20, February 3, February 7, February 16, April 14, April 24 and May 12, 2023, Mr. Hall promised Mr. Livsey that Spirit would pay all past due amounts if Livsey continued transporting loads for Spirit.

70.     Mr. Hall made these promises on behalf of Spirit to induce Livsey and Mr. Livsey to continue serving Spirit as a Carrier.

71.     Nonetheless, and despite its promises, Spirit has since failed to (and refused to) fully pay Livsey and Mr. Livsey.

72.     In fact, during one of the text message discussions between Mr. Hall and Mr. Livsey, Mr. Livsey noted that Spirit had bounced a check in the amount of $2,531.00 to Mr. Livsey on May 17, 2023.

73.   Mr. Hall did not bother to explain this in a responsive text.

74.   As with Mr. Nasir, Spirit has improperly withheld roughly $1,000.00 from the payments owed to Livsey each week.

75.   As of the date of this filing, Spirit owes Livsey and Mr. Livsey roughly $225,000.00 in economic damages for missing payments and false deductions.

**F.     Specific Damages to Norwood/Mr. Norwood.**

76.   On March 10, 2023, Norwood executed an Independent Delivery Service Provider Agreement (hereafter, the "Norwood Agreement") with Spirit to perform services as a Carrier of Goods on behalf of Spirit as discussed above.  A true and correct copy of the Norwood Agreement is attached hereto as Exhibit D.

77.   Spirit never provided a signed copy of the Norwood Agreement to Norwood, Mr. Norwood, or any other member of the Venture.

78.   Spirit affirmatively advised Mr. Norwood that it had executed the Norwood Agreement, but was delayed in sending it.

79.   Since March 10, 2023, Spirit has repeatedly shorted Norwood and Mr. Norwood the amounts to which Norwood and Mr. Norwood were entitled for services as Carriers for Spirit.

80.   This was accomplished in three manners:  (a) by reducing the amount of payment for each load of Goods transported, (b) by outright ignoring the

transport of some loads of Goods, and (c) by assigning a deduction against payments for the rental of trucks (or damage to rented trucks) that never occurred.

81.    In March, April and May of 2023, Mr. Norwood had several conversations with Mr. Hall.

82.    During these conversations in March, April and May of 2023, Mr. Hall advised Mr. Norwood that Spirit was going to fully pay Norwood and Mr. Norwood for all previously transported loads, and that Spirit was going to correct the inappropriate deductions.

83.    Mr. Hall further promised Mr. Norwood that Spirit would remove numerous inappropriate charges that appeared on his settlement statements in the form of deductions for allegedly renting and damaging vehicles.

84.    Mr. Hall conceded that each of these deductions was invalid.

85.    On December 19, 2022, and February 12, March 3, March 4, March 5, and June 7, 2023, Mr. Hall promised Mr. Norwood that Spirit would pay all past due amounts if Norwood continued transporting loads for Spirit.

86.    Mr. Hall made these promises on behalf of Spirit to induce Norwood and Mr. Norwood to continue serving Spirit as a Carrier.

87.    Nonetheless, and despite his promises, Mr. Hall has since failed to (and refused to) fully pay Norwood and Mr. Norwood.

88.     Instead, Spirit has improperly withheld roughly $1,000.00 from the payments owed to Norwood each week.

89.     As of the date of this filing, Spirit owes Norwood and Mr. Norwood roughly $200,000.00 in economic damages for missing payments and false deductions.

90.     None of the members of the Venture have actually damaged any of the Goods.

91.     None of the members of the Venture have actually damaged any of the trucks used in transporting the Goods.

92.     Collectively, Plaintiffs have made more than one hundred demands of Spirit pursuant to the factual statements made herein, and Spirit has failed to respond apart from the aforementioned false promises.

## COUNT I
### Fraud

93.     Plaintiffs restate paragraphs 1-92 and incorporate said paragraphs herein by reference.

94.     Spirit needs Carriers to transport loads of Goods for its Customers and its Customers' Purchasers.

95.     Spirit does not actually transport any loads itself.

96.     For this reason, it engages and relies on Carriers, including the members of the Venture.

97.    Spirit just does not want to have to pay its Carriers for transport of Goods.

98.    For more than a year, Spirit has been contracting with members of the Venture to transport Goods.

99.    The members of the Venture have actually transported the goods without damage to the Goods (by the members of the Venture) and without damage to trucks.

100.   Nonetheless, Spirit has consistently underpaid the members of the Venture for transport of the Goods.

101.   In order to induce members of the Venture to continue to transport the Goods, Spirit has made countless promises, via Mr. Hall, to pay the members of the Venture their back pay.

102.   These promises were made during phone calls from November of 2022 to June of 2023.

103.   Based on these promises, the members of the Venture continued to transport Goods for Spirit.

104.   Spirit still failed to pay the promised amounts to the members of the Venture.

105.   Spirit is liable to Plaintiffs for fraud.

**COUNT II**
**Breach of Contract**

106.   Plaintiffs restate paragraphs 1-105 and incorporate said paragraphs herein by reference.

107.   Spirit needs Carriers to transport loads of Goods for its Customers and its Customers' Purchasers.

108.   Spirit does not actually transport any loads itself.

109.   For this reason, it engages and relies on Carriers, including the members of the Venture.

110.   Spirit contracted with each member of the Venture in writing.

111.   The members of the Venture transported the goods without damage to the Goods (by the members of the Venture) and without damage to trucks.

112.   Nonetheless, Spirit has consistently underpaid the members of the Venture for transport of the Goods in violation of the written contracts.

113.   Spirit still failed to pay the promised amounts to the members of the Venture.

114.   Spirit is liable to Plaintiffs for breach of contract.

**COUNT III**
**Unjust Enrichment**

115.   Plaintiffs restate paragraphs 1-114 and incorporate said paragraphs herein by reference.

116.   Spirit needs Carriers to transport loads of Goods for its Customers and its Customers' Purchasers.

117.   Spirit does not actually transport any loads itself.

118.   For this reason, it engages and relies on Carriers, including the members of the Venture.

119.   Spirit agreed, engaged with, and requested that, each member of the Venture transport Goods on behalf of Spirit.

120.   The members of the Venture transported the goods without damage to the Goods (by the members of the Venture) and without damage to trucks.

121.   Nonetheless, Spirit has consistently underpaid the members of the Venture for transport of the Goods in violation of the agreement with the members of the Venture.

122.   Spirit is liable to Plaintiffs for unjust enrichment.

## COUNT IV
### Quantum Meruit

123.   Plaintiffs restate paragraphs 1-122 and incorporate said paragraphs herein by reference.

124.   Spirit needs Carriers to transport loads of Goods for its Customers and its Customers' Purchasers.

125.   Spirit does not actually transport any loads itself.

126.   For this reason, it engages and relies on Carriers, including the members of the Venture.

127.   Spirit requested that each member of the Venture transport Goods on its behalf.

128.   The members of the Venture transported the goods without damage to the Goods (by the members of the Venture) and without damage to trucks.

129.   The reasonable value of this service was set by custom and also by contract.

130.   Nonetheless, Spirit has consistently underpaid the members of the Venture for transport of the Goods.

131.   Spirit is liable to Plaintiffs for quantum meruit.

## COUNT IV
### Attorneys' Fees

132.   Plaintiffs restate paragraphs 1-131 and incorporate said paragraphs herein by reference.

133.   Plaintiffs have attempted to resolve this matter amicably.

134.   Spirit has repeatedly rebuffed Plaintiffs' ovations.

135.   Plaintiffs made formal demands, to which Spirit has not responded, apart from the false promises made as per above.

136.   Spirit refused to resolve this matter reasonably.

137.   Spirit has been stubbornly litigious.

19

138.   Plaintiffs are entitled to attorneys' fees and costs for having to bring and maintain this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as requested above against Spirit and further request:

      a.     An award of damages as stated per this Complaint;

      b.     Incidental and consequential damages;

      c.     Punitive damages;

      d.     Preliminary interlocutory injunctive relief;

      e.     An award of attorneys' fees and costs in bringing and maintaining this action; and

      f.     Any other relief as this Court may deem just and reasonable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted, this 31st day of July, 2023.

> FGP LAW, LLC
>
> /s/ Frank G. Podesta
> Frank G. Podesta
> GA Bar No. 496530
> fpodesta@fgplaw.com
>
> 555 Sun Valley Drive
> Suite N-3
> Roswell, Georgia 30076
> 678.677.5143 (voice)
> 678.222.0123 (facsimile)
> *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **PATTERSON ENTERPRISE GROUP, LLC, KENISHA PATTERSON, DUKE TRUCKING, LLC, MAMUN NASIR, BRYANT LIVSEY, LIVSEY TRANSPORTATION, LLC, NORWOOD DELIVERIES, LLC, and ANTHONY NORWOOD,** | ) ) ) ) ) ) ) | **Civil Action No.** |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | |
| **SPIRIT LOGISTICS NETWORK, INC.,** | ) ) | |
| **Defendant.** | ) | |

## VERIFICATION OF VERIFIED COMPLAINT

STATE OF GEORGIA          )
                                            )
COUNTY OF FULTON       )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Kenisha Patterson, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon her personal knowledge and belief.

This _30_ day of July, 2023.

_Kenisha Patterson_
Kenisha Patterson, Member
Patterson Enterprise Group, LLC

Sworn to and subscribed before me this
_30_ Day of July, 2023.

_____
Notary Public                    (SEAL)
My commission expires: _9-14-26_

23

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **PATTERSON ENTERPRISE GROUP, LLC, KENISHA PATTERSON, DUKE TRUCKING, LLC, MAMUN NASIR, BRYANT LIVSEY, LIVSEY TRANSPORTATION, LLC, NORWOOD DELIVERIES, LLC, and ANTHONY NORWOOD,** | ) ) ) ) ) ) ) | |
| | ) | **Civil Action No.** |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | |
| **SPIRIT LOGISTICS NETWORK, INC.,** | ) ) | |
| **Defendant.** | ) | |

**VERIFICATION OF VERIFIED COMPLAINT**

STATE OF GEORGIA        )
                                          )
COUNTY OF FULTON      )

     Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Mamun Nasir, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon his personal knowledge and belief.

This 29TH day of July, 2023.

_Mamun Nasir_
Mamun Nasir, Member
Duke Trucking, LLC

Sworn to and subscribed before me this
29TH Day of July, 2023.

_Baby Lane_
Notary Public        (SEAL)
My commission expires: 3/12/20...

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **PATTERSON ENTERPRISE GROUP, LLC, KENISHA PATTERSON, DUKE TRUCKING, LLC, MAMUN NASIR, BRYANT LIVSEY, LIVSEY TRANSPORTATION, LLC, NORWOOD DELIVERIES, LLC, and ANTHONY NORWOOD,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.** |
| **Plaintiffs,** )<br>) | |
| **v.** )<br>) | |
| **SPIRIT LOGISTICS NETWORK, INC.,** )<br>) | |
| **Defendant.** ) | |

**<u>VERIFICATION OF VERIFIED COMPLAINT</u>**

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Bryant Livsey, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon his personal knowledge and belief.

This __29__ day of July, 2023.

Bryant Livsey, Member
Livsey Transportation, LLC

Sworn to and subscribed before me this
__29__ Day of July, 2023.



Notary Public          (SEAL)
My commission expires: __3·10·2026__

27

Scanned with CamScanner

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **PATTERSON ENTERPRISE GROUP, LLC, KENISHA PATTERSON, DUKE TRUCKING, LLC, MAMUN NASIR, BRYANT LIVSEY, LIVSEY TRANSPORTATION, LLC, NORWOOD DELIVERIES, LLC, and ANTHONY NORWOOD,** | ) ) ) ) ) ) ) ) | **Civil Action No.** |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | |
| **SPIRIT LOGISTICS NETWORK, INC.,** | ) ) | |
| **Defendant.** | ) | |

## <u>VERIFICATION OF VERIFIED COMPLAINT</u>

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Anthony Norwood, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon his personal knowledge and belief.

28

This $\frac{31}{}$ day of July, 2023.

Anthony Norwood, Member
Norwood Deliveries, LLC

Sworn to and subscribed before me this
$\frac{31}{}$ Day of July, 2023.

07/31/23

Notary Public                 (SEAL)
My commission expires: _____ 2027

# Exhibit A

## SPIRIT LOGISTICS NETWORK, INC.
## INDEPENDENT DELIVERY SERVICE PROVIDER AGREEMENT

THIS AGREEMENT is made and entered into on __12  12__ , 20__22__, by and between
SPIRIT  LOGISTICS  NETWORK  ("SPIRIT")  and  __Patterson Enterprise Group__ LLC /
corporation     with     its     principal     place     of     business
at __4025 MCGINNIS FERRY ROAD/APT 1721 SUWANEE GA  30024__ ,     and     Tax/Employer
Identification  Number __92-0721866__     ("CARRIER"),  (each  a  "PARTY"  and
collectively, the "PARTIES").

I,
Recitals

A.     WHEREAS, SPIRIT is licensed as a property broker and as a freight forwarder by
the Federal Motor Carrier Safety Administration ("FMCSA"), or by appropriate State agencies,
and in such capacities, arranges for freight transportation for SPIRIT's Customers and Customers'
purchasers but SPIRIT is not in the business of performing the transportation and/or delivery of
property to Customer's purchasers; and

B.     WHEREAS, CARRIER is a duly formed and legally existing corporation or
limited liability company. CARRIER is not an individual and does not provide any services
hereunder in an individual capacity – as set forth below;

C.     WHEREAS, CARRIER performs transportation services, is authorized to operate
in Inter-provincial, interstate and/or infrastate commerce and is qualified, competent and available
to provide for the transportation services and deliveries required by SPIRIT, its Customers and
their purchasers; and

D.     WHEREAS, SPIRIT desires to engage the service of CARRIER from time to time
to transport and deliver property for SPIRIT's Customers and Customers' purchasers and
CARRIER desires to provide such transportation and delivery services on an as needed basis;

NOW THEREFORE, in consideration of the foregoing recitals, which are incorporated
into the PARTIES' agreement below, and the mutual promises contained herein, the PARTIES,
intending to be legally bound, agree as follows:

II.
Terms and Conditions

1.     TERM AND TERMINATION.

(a)     This Agreement shall become effective on the date stated in the first
paragraph of this Agreement and shall remain in effect for one (1) year
and shall automatically renew for successive one (1) year periods;
provided, however, that either PARTY may terminate this Agreement

If to SPIRIT :          SPIRIT LOGISTICS NETWORK, INC.
                                MICHELE VASTA,
                                Vice President – Administration
                                200 South Street
                                New Providence, NJ 07974

If to CARRIER:        PATTERSON ENTERPRISE GROUP LLC
                                4025 McGINNIS FERRY ROAD/APT 1721

                                SUWANEE, GA 30024

                                Fax No:   404-775-4081

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed in their respective names by their duly authorized representatives as of the date first above written.

SPIRIT LOGISTICS NETWORK, INC.      CARRIER PATTERSON ENTERPRISE GROUP LLC

                                    Name:  PATTERSON ENTERPRISE GROUP LLC

By: _____         By: _____
Printed: _____        Printed: Kenisha Patterson

Address: _____       Address: 4025 MCGINNIS FERRY ROAD/APT 1721
                                            SUWANEE, GA 30024

Phone: _____        Phone: 404-775-4081
                                        Fax: _____
                                        FID No: 92-0721866

13

## APPENDIX B

### [RATE CONFIRMATION AGREEMENT]

1.   Rates.  In accordance with Paragraph 8 of the Agreement, the rates applying to the transportation services to be provided pursuant to the Agreement are set forth in the attached Rate Schedule(s).

2.   Payments.  In accordance with Paragraph 8 of the Agreement, any special payment requirements are set forth below:

3.   Freight loss, Damage or Delay.  In accordance with Paragraph 10 of the Agreement, any special provisions dealing with cargo loss and damage claims are set forth below:

4.   Insurance.  In accordance with Paragraph 11 of the Agreement, any special insurance requirements are set forth below:

5.   Confidentiality and Non-Solicitation.  In accordance with Paragraph 13 of the Agreement, any exceptions or modifications to Confidentiality or non-solicitation provisions are set forth below:

SPIRIT LOGISTICS NETWORK, INC.            [CARRIER]   PATTERSON ENTERPRISE GROUP LLC


Printed: _____          Printed: _Ker-Sha   Pattues_

2

## AUTHORIZATION AND DIRECTION TO MAKE DEDUCTIONS FROM PAYMENTS

THIS AUTHORIZATION AND DIRECTION is given on ____ 12 | 22 ____, 20 22, to [NEWCO] ("SPIRIT") by ~~PATTERSON ENTERPRISE GROUP LLC~~ ("CARRIER");

WHEREAS SPIRIT and CARRIER have entered into an agreement dated 12/22 by CARRIER for SPIRIT (the "Carrier Agreement");

WHEREAS CARRIER wishes to acquire products and/or services from or through SPIRIT from time to time on terms acceptable to CARRIER; and

WHEREAS SPIRIT is willing to facilitate CARRIER's acquisition of the products and/or services listed below through CARRIER's authorization of deductions from payments otherwise due CARRIER from SPIRIT;

NOW THEREFORE, CARRIER authorizes and directs SPIRIT as follows:

1.    SPIRIT is authorized and directed to deduct from the payments due CARRIER under Section 6 of the Carrier Agreement the amounts shown below for the products and/or services thereon listed. CARRIER recognizes and agrees that SPIRIT is not acting as agent or in any other capacity for CARRIER except for the limited purpose of making payments as authorized and directed by CARRIER pursuant to its authorization. SPIRIT is not responsible for any of the products or services for which payment is authorized hereunder.

| ITEM | Amount of Deduction | Frequency |
|---|---|---|
| Workers Compensation Insurance | | |
| Auto Liability Insurance | | |
| Commercial General Liability Insurance | | |
| Physical Damage Insurance | | |
| Damage/Loss Claims | | |
| Equipment Rental Fees | | |
| Penalties for Agreement Breaches | | |
| SPIRIT Provided CARRIER Supplies Gas leak indicator, blankets, | | |
| Background Checks | | |
| ACH Charges | | |
| Dropped Loads | | |
| MVR – Driving History Reports | | |
| Drug Screenings | | |
| All Other Chargeable Items — CARRIER agrees that SPIRIT may charge back to CARRIER any other expenses or cost incurred by SPIRIT for which CARRIER is responsible for under this Agreement or as otherwise agreed to by the parties | | |

6

IN WITNESS WHERE OF, the parties hereto have executed in their respective names by their duly authorized representatives as of the date first above written.

SPIRIT LOGISTICS NETWORK, INC.

[CARRIER]   PATTERSON ENTERPRISE GROUP LLC

Name: PATTERSON ENTERPRISE GROUP LLC

By: _____
Printed: _____

By: _Kerisha Pattison_
Printed: _Kerisha Pattison_

Address: _____

Address: 4025 McGINNIS FERRY RD/APT 1721
SUWANEE GA 30024

Phone: _____

Phone: 404-775-4081
Fax: _____
FID No: 92-0721866

H:\Jen\Sfock\Documents\WP\WP\WPDOCS\TWTWST\FreeNorth Companies\Spirit Logistics Network\NDSP Agrmt Final 1-26-18..docx

# Exhibit
# B

## SPIRIT LOGISTICS NETWORK, INC.
## INDEPENDENT DELIVERY SERVICE PROVIDER AGREEMENT

**THIS AGREEMENT** is made and entered into on _____12/14_____, 20_22_, by and between SPIRIT LOGISTICS NETWORK ("SPIRIT") and ___DUKE TRUCKING LLC_____, a corporation with its principal place of business at _5534 MARTIN COURT, ELLENWOOD GA 30294_____, and Tax/Employer Identification Number ___92-0835310_____ ("CARRIER"), (each a "PARTY" and collectively, the "PARTIES").

### I.
### Recitals

**A.** **WHEREAS,** SPIRIT is licensed as a property broker and as a freight forwarder by the Federal Motor Carrier Safety Administration ("FMCSA"), or by appropriate State agencies, and in such capacities, arranges for freight transportation for SPIRIT's Customers and Customers' purchasers but SPIRIT is not in the business of performing the transportation and/or delivery of property to Customer's purchasers; and

**B.** **WHEREAS,** CARRIER is a duly formed and legally existing corporation or limited liability company. CARRIER is not an individual and does not provide any services hereunder in an individual capacity – as set forth below;

**C.** **WHEREAS,** CARRIER performs transportation services, is authorized to operate in Inter-provincial, interstate and/or intrastate commerce and is qualified, competent and available to provide for the transportation services and deliveries required by SPIRIT, its Customers and their purchasers; and

**D.** **WHEREAS,** SPIRIT desires to engage the service of CARRIER from time to time to transport and deliver property for SPIRIT's Customers and Customers' purchasers and CARRIER desires to provide such transportation and delivery services on an as needed basis;

**NOW THEREFORE,** in consideration of the foregoing recitals, which are incorporated into the PARTIES' agreement below, and the mutual promises contained herein, the PARTIES, intending to be legally bound, agree as follows:

### II.
### Terms and Conditions

**1.** **TERM AND TERMINATION.**

    (a) This Agreement shall become effective on the date stated in the first paragraph of this Agreement and shall remain in effect for one (1) year and shall automatically renew for successive one (1) year periods; provided, however, that either PARTY may terminate this Agreement

If to SPIRIT :

SPIRIT LOGISTICS NETWORK, INC.
MICHELE VASTA,
Vice President - Administration
200 South Street
New Providence, NJ 07974

If to CARRIER:

DUKE TRUCKING LLC
5534 MARTIN COURT
ELLENWOOD, GA 30294

Fax No:   404-399-7723

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed in their respective names by their duly authorized representatives as of the date first above written.

**SPIRIT LOGISTICS NETWORK, INC.**

**CARRIER**  DUKE TRUCKING LLC

Name:   DUKE TRUCKING LLC

By: _____
Printed: _____

By: *Taheerah Nasir Saye*
Printed:  TAHEERAH NASIR SAYE

Address: _____
_____
_____

Address:  5534 MARTIN COURT
ELLENWOOD GA 30294

Phone: _____

Phone:  404-399-7723
Fax: _____
FID No:   92-0835310

13

## APPENDIX B

### [RATE CONFIRMATION AGREEMENT]

1.      Rates.  In accordance with Paragraph 8 of the Agreement, the rates applying to the transportation services to be provided pursuant to the Agreement are set forth in the attached Rate Schedule(s).

2.      Payments.  In accordance with Paragraph 8 of the Agreement, any special payment requirements are set forth below:

3.      Freight loss, Damage or Delay.  In accordance with Paragraph 10 of the Agreement, any special provisions dealing with cargo loss and damage claims are set forth below:

4.      Insurance.  In accordance with Paragraph 11 of the Agreement, any special insurance requirements are set forth below:

5.      Confidentiality and Non-Solicitation.  In accordance with Paragraph 13 of the Agreement, any exceptions or modifications to Confidentiality or non-solicitation provisions are set forth below:

**SPIRIT LOGISTICS NETWORK, INC.**

**[CARRIER]**  DUKE TRUCKING LLC

Printed: _____

Printed: TAHEERAH NASIR SAYE

2

## AUTHORIZATION AND DIRECTION TO MAKE DEDUCTIONS FROM PAYMENTS

**THIS AUTHORIZATION AND DIRECTION** is given on _____12/14_____, 20 _22_, to [NEWCO] ("SPIRIT") by _DUKE TRUCKING LLC_ ("CARRIER").

      **WHEREAS** SPIRIT and CARRIER have entered into an agreement dated _12/14_ by CARRIER for SPIRIT (the "Carrier Agreement");

      **WHEREAS** CARRIER wishes to acquire products and/or services from or through SPIRIT from time to time on terms acceptable to CARRIER; and

      **WHEREAS** SPIRIT is willing to facilitate CARRIER's acquisition of the products and/or services listed below through CARRIER's authorization of deductions from payments otherwise due CARRIER from SPIRIT;

**NOW THEREFORE,** CARRIER authorizes and directs SPIRIT as follows:

    1.    SPIRIT is authorized and directed to deduct from the payments due CARRIER under Section 6 of the Carrier Agreement the amounts shown below for the products and/or services thereon listed. CARRIER recognizes and agrees that SPIRIT is not acting as agent or in any other capacity for CARRIER except for the limited purpose of making payments as authorized and directed by CARRIER pursuant to its authorization. SPIRIT is not responsible for any of the products or services for which payment is authorized hereunder.

| ITEM | Amount of Deduction | Frequency |
|---|---|---|
| Workers Compensation Insurance | | |
| Auto Liability Insurance | | |
| Commercial General Liability Insurance | | |
| Physical Damage Insurance | | |
| Damage/Loss Claims | | |
| Equipment Rental Fees | | |
| Penalties for Agreement Breaches | | |
| SPIRIT Provided CARRIER Supplies | | |
| Gas leak indicator, blankets, | | |
| Background Checks | | |
| ACH Charges | | |
| Dropped Loads | | |
| MVR – Driving History Reports | | |
| Drug Screenings | | |
| All Other Chargeable Items — CARRIER agrees that SPIRIT may charge back to CARRIER any other expenses or cost incurred by SPIRIT for which CARRIER is responsible for under this Agreement or as otherwise agreed to by the parties | | |

The deductions are not listed.

6

**IN WITNESS WHERE OF**, the parties hereto have executed in their respective names by their duly authorized representatives as of the date first above written.

**SPIRIT LOGISTICS NETWORK, INC.**

By: _____
Printed: _____

Address: _____
_____

Phone: _____

**[CARRIER]** DUKE TRUCKING LLC

Name: DUKE TRUCKING LLC

By: *Taheerah Nasir Saye*
Printed: TAHEERAH NASIR SAYE

Address: 5534 MARTIN COURT
ELLENWOOD GA 30294

Phone: 404-399-7723
Fax: _____
FID No: 92-0835310

H:\Users\kohiwanto\WPWIN\WPDOCS\TW\WST\TrueNorth Companies\Spirit Logistics Network\IDSP Agmt Final 7-30-19.docx

# Exhibit
# C

## SPIRIT LOGISTICS NETWORK, INC.
## INDEPENDENT DELIVERY SERVICE PROVIDER AGREEMENT

**THIS AGREEMENT** is made and entered into on _July 11_____, 20 _22_, by and between SPIRIT LOGISTICS NETWORK ("SPIRIT") and _LINSey Transportation_ LLC, a corporation with its principal place of business at_____, and Tax/Employer Identification Number _87-3353480_____ ("CARRIER"), (each a "PARTY" and collectively, the "PARTIES").

### I.
### Recitals

    **A.**     **WHEREAS,** SPIRIT is licensed as a property broker and as a freight forwarder by the Federal Motor Carrier Safety Administration ("FMCSA"), or by appropriate State agencies, and in such capacities, arranges for freight transportation for SPIRIT's Customers and Customers' purchasers but SPIRIT is not in the business of performing the transportation and/or delivery of property to Customer's purchasers; and

    **B.**     **WHEREAS,** CARRIER is a duly formed and legally existing corporation or limited liability company. CARRIER is not an individual and does not provide any services hereunder in an individual capacity – as set forth below;

    **C.**     **WHEREAS,** CARRIER performs transportation services, is authorized to operate in Inter-provincial, interstate and/or intrastate commerce and is qualified, competent and available to provide for the transportation services and deliveries required by SPIRIT, its Customers and their purchasers; and

    **D.**     **WHEREAS,** SPIRIT desires to engage the service of CARRIER from time to time to transport and deliver property for SPIRIT's Customers and Customers' purchasers and CARRIER desires to provide such transportation and delivery services on an as needed basis;

    **NOW THEREFORE,** in consideration of the foregoing recitals, which are incorporated into the PARTIES' agreement below, and the mutual promises contained herein, the PARTIES, intending to be legally bound, agree as follows:

### II.
### Terms and Conditions

**1.**     **TERM AND TERMINATION.**

        (a)     This Agreement shall become effective on the date stated in the first paragraph of this Agreement and shall remain in effect for one (1) year and shall automatically renew for successive one (1) year periods; provided, however, that either PARTY may terminate this Agreement

Scanned with CamScanner

If to SPIRIT :

SPIRIT LOGISTICS NETWORK, INC.
MICHELE VASTA,
Vice President - Administration
200 South Street
New Providence, NJ 07974

If to CARRIER:

_____

_____

_____

_____

Fax No: _____

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed in their respective names by their duly authorized representatives as of the date first above written.

**SPIRIT LOGISTICS NETWORK, INC.**

**CARRIER**

Name: _Livsey Transportation,_ LLC

By: _____
Printed: _____

By: _____
Printed: _Bryant Livsey_

Address: _____

_____

Address: _5267 Round Table Dr._

_Ellenwood, GA - 30254_

Phone: _____

Phone: _404-538-4522_
Fax: _____
FID No: _87-3353480_

13

Scanned with CamScanner

## APPENDIX B

## [RATE CONFIRMATION AGREEMENT]

1.    Rates. In accordance with Paragraph 8 of the Agreement, the rates applying to the transportation services to be provided pursuant to the Agreement are set forth in the attached Rate Schedule(s).

2.    Payments. In accordance with Paragraph 8 of the Agreement, any special payment requirements are set forth below:

3.    Freight loss, Damage or Delay. In accordance with Paragraph 10 of the Agreement, any special provisions dealing with cargo loss and damage claims are set forth below:

4.    Insurance. In accordance with Paragraph 11 of the Agreement, any special insurance requirements are set forth below:

5.    Confidentiality and Non-Solicitation. In accordance with Paragraph 13 of the Agreement, any exceptions or modifications to Confidentiality or non-solicitation provisions are set forth below:

**SPIRIT LOGISTICS NETWORK,
INC.**

**[CARRIER]**

Printed: _____

Printed: _Bryant Lindsey_ — _Linsey Transportation_ LLC

2

Scanned with CamScanner

**IN WITNESS WHERE OF**, the parties hereto have executed in their respective names by their duly authorized representatives as of the date first above written.

**SPIRIT LOGISTICS NETWORK, INC.**

**[CARRIER]**

Name: _Lucky Transportation_ LLC

By: _____

Printed: _____

By: _____

Printed: _Bryan Luisa_

Address: _____

Address: _5267 Round Table Dr_

_Ellenwood, Dr. 30294_

Phone: _____

Phone: _404-538-4522_

Fax: _____

FID No: _87-3353480_

H:\Users\kchimento\WPWIN\WPDOCS\TWW\ST\TrueNorth Companies\Spirit Logistics Network\IDSP Agrmt Final 7-30-19.docx

Scanned with CamScanner

# Exhibit
# D

## SPIRIT LOGISTICS NETWORK, INC.
## INDEPENDENT DELIVERY SERVICE PROVIDER AGREEMENT

**THIS AGREEMENT** is made and entered into on ___3/10/2023_____ , 20 _23_ , by and between SPIRIT LOGISTICS NETWORK ("SPIRIT") and __NORWOOD DELIVERIES LLC__ , a corporation with its principal place of business at_312 BREEZY HILL WALK STOCKBRIDGE GA 30281_____ , and Tax/Employer Identification Number _27-1823068_____ ("CARRIER"), (each a "PARTY" and collectively, the "PARTIES").

### I.
### Recitals

A.    **WHEREAS,** SPIRIT is licensed as a property broker and as a freight forwarder by the Federal Motor Carrier Safety Administration ("FMCSA"), or by appropriate State agencies, and in such capacities, arranges for freight transportation for SPIRIT's Customers and Customers' purchasers but SPIRIT is not in the business of performing the transportation and/or delivery of property to Customer's purchasers; and

B.    **WHEREAS,** CARRIER is a duly formed and legally existing corporation or limited liability company. CARRIER is not an individual and does not provide any services hereunder in an individual capacity – as set forth below;

C.    **WHEREAS,** CARRIER performs transportation services, is authorized to operate in Inter-provincial, interstate and/or intrastate commerce and is qualified, competent and available to provide for the transportation services and deliveries required by SPIRIT, its Customers and their purchasers; and

D.    **WHEREAS,** SPIRIT desires to engage the service of CARRIER from time to time to transport and deliver property for SPIRIT's Customers and Customers' purchasers and CARRIER desires to provide such transportation and delivery services on an as needed basis;

**NOW THEREFORE,** in consideration of the foregoing recitals, which are incorporated into the PARTIES' agreement below, and the mutual promises contained herein, the PARTIES, intending to be legally bound, agree as follows:

### II.
### Terms and Conditions

1.    **TERM AND TERMINATION.**

(a)    This Agreement shall become effective on the date stated in the first paragraph of this Agreement and shall remain in effect for one (1) year and shall automatically renew for successive one (1) year periods; provided, however, that either PARTY may terminate this Agreement

If to SPIRIT :          SPIRIT LOGISTICS NETWORK, INC.
                        MICHELE VASTA,
                        Vice President - Administration
                        200 South Street
                        New Providence, NJ 07974

If to CARRIER:          NORWOOD DELIVERIES LLC
                        312 BREEZY HILL WALK
                        STOCKBRIDGE GA 30282


                        Fax No:   404 749 6236

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed in their respective names by their duly authorized representatives as of the date first above written.

**SPIRIT LOGISTICS NETWORK, INC.**                    **CARRIER**   NORWOOD DELIVERIES LLC


                                                      Name:   NORWOOD DELIVERIES LLC

By:                                                   By:
Printed: ARLENE RODRIGUEZ                             Printed:  ANTHONY NORWOOD

Address: 955 COBB PLACE BLVD                          Address: 312 BREEZY HILL WALK
         KENNESAW GA 30144                                     STOCKBRIDGE GA 30281


Phone:  678 218 2694                                  Phone:  404 749 6236
                                                      Fax:
                                                      FID No:  27-1823068

13

## **APPENDIX B**

### [RATE CONFIRMATION AGREEMENT]

1.      Rates.  In accordance with Paragraph 8 of the Agreement, the rates applying to the transportation services to be provided pursuant to the Agreement are set forth in the attached Rate Schedule(s).

2.      Payments.  In accordance with Paragraph 8 of the Agreement, any special payment requirements are set forth below:

3.      Freight loss, Damage or Delay.  In accordance with Paragraph 10 of the Agreement, any special provisions dealing with cargo loss and damage claims are set forth below:

4.      Insurance.  In accordance with Paragraph 11 of the Agreement, any special insurance requirements are set forth below:

5.      Confidentiality and Non-Solicitation.  In accordance with Paragraph 13 of the Agreement, any exceptions or modifications to Confidentiality or non-solicitation provisions are set forth below:

**SPIRIT LOGISTICS NETWORK, INC.**         [CARRIER]

Printed: ARLENE RODRIGUEZ            Printed: ANTHONY NORWOOD

2

## AUTHORIZATION AND DIRECTION TO MAKE DEDUCTIONS FROM PAYMENTS

**THIS AUTHORIZATION AND DIRECTION** is given on ___3/10/2023___, 20_23_, to [NEWCO] ("SPIRIT") by NORWOOD DELIVERIES LLC ("CARRIER").

**WHEREAS** SPIRIT and CARRIER have entered into an agreement dated _3/10_ by CARRIER for SPIRIT (the "Carrier Agreement");

**WHEREAS** CARRIER wishes to acquire products and/or services from or through SPIRIT from time to time on terms acceptable to CARRIER; and

**WHEREAS** SPIRIT is willing to facilitate CARRIER's acquisition of the products and/or services listed below through CARRIER's authorization of deductions from payments otherwise due CARRIER from SPIRIT;

**NOW THEREFORE,** CARRIER authorizes and directs SPIRIT as follows:

1. SPIRIT is authorized and directed to deduct from the payments due CARRIER under Section 6 of the Carrier Agreement the amounts shown below for the products and/or services thereon listed. CARRIER recognizes and agrees that SPIRIT is not acting as agent or in any other capacity for CARRIER except for the limited purpose of making payments as authorized and directed by CARRIER pursuant to its authorization. SPIRIT is not responsible for any of the products or services for which payment is authorized hereunder.

| ITEM | Amount of Deduction | Frequency |
|---|---|---|
| Workers Compensation Insurance | | |
| Auto Liability Insurance | | |
| Commercial General Liability Insurance | | |
| Physical Damage Insurance | | |
| Damage/Loss Claims | | |
| Equipment Rental Fees | | |
| Penalties for Agreement Breaches | | |
| SPIRIT Provided CARRIER Supplies Gas leak indicator, blankets, | | |
| Background Checks | | |
| ACH Charges | | |
| Dropped Loads | | |
| MVR – Driving History Reports | | |
| Drug Screenings | | |
| All Other Chargeable Items — CARRIER agrees that SPIRIT may charge back to CARRIER any other expenses or cost incurred by SPIRIT for which CARRIER is responsible for under this Agreement or as otherwise agreed to by the parties | | |

6

IN WITNESS WHERE OF, the parties hereto have executed in their respective names by their duly authorized representatives as of the date first above written.

**SPIRIT LOGISTICS NETWORK, INC.**

**[CARRIER]** NORWOOD DELIVERIES LLC

Name: NORWOOD DELIVERIES LLC

By: _____

Printed: ARLENE RODRIGUEZ

By: _____

Printed: ANTHONY NORWOOD

Address: 955 COBB PLACE BLVD
KENNESAW GA 30144

Address: 312 BREEZY HILL WALK
STOCKBRIDGE GA 30281

Phone: 678 218 2694

Phone: 404 749 6236
Fax:
FID No: 27-1823068

H:\Users\kchimento\WFWM\WPDOCS\TW\ST\TrueNorth Companies\Spirit Logistics Network\DSP Agmt Final 7-30-19.docx

8